## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GALT VENTURES, INC. d/b/a SPEEDY CASH #60, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 17-1206-JTM-KGG<br>) |
| MARQUES V. NOLAN, | )<br>) |
| Defendant. | )<br>)<br>) |

### ORDER ON MOTION TO PROCEED
### WITHOUT PREPAYMENT OF FEES AND
### REPORT & RECOMMENDATION OF DISMISSAL

*Pro se* Defendant Marques V. Nolan removed the underlying state court Petition to federal court. (Doc. 1, Notice of Removal.) Thereafter, Defendant filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 3, sealed). After review of Defendant's motion, as well as the removal pleadings and state court Petition, the Court **GRANTS** *IFP* application, but **RECOMMENDS** that the District Court **dismiss** Defendant's claims in their entirety.

### I.     Motion to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding in forma pauperis in a civil case 'is a

privilege, not a right – fundamental or otherwise.'" *Barnett v. Northwest School*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny *in forma pauperis* status lies within the sound discretion of the court. *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See Patillo v. N. Am. Van Lines, Inc*., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Defendant indicates he is 31 years old and single with no dependants.  (Doc. 3-1, sealed, at 1-2.)  He lists a current employer but indicates "$0" as his current monthly income.  (*Id*., at 2.)  He owns no real property.  (*Id*., at 3.)  He states that he is homeless, but lives with an aunt "from time to time."  (*Id*., at 5.)  He states he does not own an automobile, but lists

a car with a modest present value and no amount owed on it.  (*Id.*, at 4.)

Defendant lists no cash on hand and no government benefits.  (*Id.*)  He has typical monthly expenses including groceries, utilities, and automobile insurance.  (*Id.*, at 5.)  He also indicates that he has an outstanding student loan of an undetermined amount.  (*Id.*)   He has not filed for bankruptcy.  (*Id*. at 6.)

Considering all of the information contained in his financial affidavit, the Court finds that Defendant has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs.  The Court thus **GRANTS** Defendant leave to proceed *in forma pauperis.* (Doc. 3, sealed.)

### III.    Sufficiency of Complaint.

When a party is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests.  28 U.S.C. §1915(e)(2).  Section 1915 of Title 28, United States Code, requires dismissal of a case filed under that section if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. §1915(e)(2).[1]  Additionally, Fed. R. Civ. P. 12(h)(3) requires the Court to dismiss the case "[i]f the court determines at any time that it lacks subject-matter jurisdiction." ***King v. Huffman***, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010).

The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." ***Harris v. Campbell***, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. ***Hall v. Bellmon***, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a pleading will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See* ***Kay v. Bemis***, 500 F.3d 1214, 1217-18 (10th Cir. 2007).  In making this analysis, the Court will accept as true all of Defendant's well-pleaded facts and will draw all reasonable inferences from those facts in his favor. *See* ***Moore v. Guthrie***, 438 F.3d 1036, 1039 (10th Cir.2006).

---

[1] Courts have held that the screening procedure set out in § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike, regardless of their fee status. *See e.g.,* ***Rowe v. Shake,*** 196 F.3d 778, 783 (7th Cir. 1999); ***McGore v. Wigglesworth,*** 114 F.3d 601, 608 (6th Cir. 1997).

The Court will also liberally construe his pleadings.  See *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991); *Hall*, 935 F.2d at 1110.  This does not mean, however, that the Court must become an advocate for the *pro se* party. *Hall*, 935 F.2d at 1110; *see also* *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972).  Liberally construing a *pro se* party's allegations means that "if the court can reasonably read the pleadings to state a valid claim on which the [*pro se* party] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of [the party's] entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action."  *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)).  "In other words, [the *pro se* party] must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face."  *Fisher*, 531 F. Supp.2d at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at

1974).

Although a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the answering party sufficient notice of the claims asserted so that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10${}^{th}$ Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed.R.Civ.P. 8(a). After reviewing Defendant's state court pleadings (Docs. 1, 4) and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

It is apparent to the Court that this lawsuit is an improper attempt overturn the judgment of the state court. The Notice Of Removal specifically states, in all caps at the bottom of each page, that the purpose of the filing is to "VACATE & SET ASIDE JUDGMENT." (*See generally* Doc. 1.) While Defendant cloaks his claims with various alleged violations of federal law, the case is basically an appeal of a state court judgment, which is prohibited by the *Rooker-*

*Feldman* doctrine. *See* ***Fellows v. State of Kansas***, 2005 WL 752129, at *3 (citing ***District of Columbia Court of Appeals v. Feldman***, 460 U.S. 462, 476 (1983); ***Rooker v. Fidelity Trust Co.***, 263 U.S. 413, 415–16 (1923)).  Simply stated, the *Rooker-Feldman* doctrine bars "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States [trial] court." ***Johnson v. De Grandy***, 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994).  As such, the undersigned Magistrate Judge **recommends** that the District Court **DISMISS** this action.

Even assuming the case could proceed substantively, dismissal is also warranted because the removal is untimely.  Pursuant to 28 U.S.C. § 1446(b)(2)(B), Defendant was required to remove this action within 30 days of receipt of the state court Petition.  The underlying state court Petition (Doc. 4) was filed in November 2012, and Defendant's pleading describes a judgment against him dated December 5, 2012.  (Doc. 1, at 4).  More than four and half years after the filing of the case, Defendant is clearly out of time for proper removal.  The undersigned Magistrate Judge thus **recommends** that the District Court **DISMISS** this action.

**IT IS THEREFORE ORDERED** that Defendant's motion to proceed *IFP*

(Doc. 3, sealed) is **GRANTED**.

**IT IS THEREFORE RECOMMENDED** to the District Court that the Complaint (Doc. 1) be **DISMISSED** based on futility and the failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall be sent to Defendant *via* certified mail.  Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Defendant shall have **fourteen (14) days** after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge.  Defendant's failure to file such written, specific objections within the fourteen-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 12th day of October, 2017.

                                           S/ KENNETH G. GALE
                                           KENNETH G. GALE
                                           United States Magistrate Judge